UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

MARQUAN FRANKLIN,

        Defendant.
_____/

No. 14-20587

District Judge Sean F. Cox
Magistrate Judge R. Steven Whalen

## REPORT AND RECOMMENDATION

On December 8, 2015, Defendant Marquan Leroy Franklin filed a Motion to Vacate, Set Aside, or Correct Sentence [Doc. #25], under 28 U.S.C. § 2255, claiming that his trial counsel was constitutionally ineffective. The motion has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). Because Mr. Franklin has voluntarily opted to dismiss his motion, I recommend that it be DISMISSED.

## DISCUSSION

On January 30, 2015, Mr. Franklin pled guilty to possession of a stolen firearm, 18 U.S.C. §§ 922(j) and 924(a)(2), pursuant to a Rule 11 plea agreement. He was sentenced to a term of 120 months. He filed the present motion under § 2255 on December 8, 2015, alleging that he had been denied his Sixth Amendment right to the effective assistance of counsel, including the allegation that his trial attorney denied his request to file a notice of appeal. After counsel was appointed in relation to this motion, the Court held an on-the-

-1-

record status conference on November 3, 2016. At that conference, Mr. Franklin appeared with counsel, and after questioning under oath by the Court, knowingly and voluntarily withdrew his motion, opting instead to pursue possible relief under Fed.R.Crim.P. 35. The Court advised Mr. Franklin that he had a right to go forward with the motion, and that if he chose to do so, the Court would conduct an evidentiary hearing on his claims on November 14, 2016. *Transcript of Status Conference* [Doc. #47], at 9. Mr. Franklin stated, under oath, that he wished to withdraw his motion and seek relief instead under Rule 35. He stated that he understood that it would be up to the government to decide whether to file a Rule 35 motion, and that he was making his decision voluntarily, after discussion with his attorney:

> THE COURT: And you understand that under the provisions of that rule, it would be up to the government to decide–the government would have to file a motion to reduce your sentence, and it would be up to them whether or not they do that. Do you understand that?
>
> DEFENDANT: Yes, I do.
>
> THE COURT: They might not do that. You understand?
>
> DEFENDANT: Yes, I do.
>
> THE COURT: Okay. And the–has–let me ask this. You've made this decision, again, after full consultation with Mr. Beres, is that right?
>
> DEFENDANT: Yes, I did.
>
> THE COURT: Okay. And has anyone promised yu that this Rule 35 motion would be resolved successfully on your behalf?
>
> DEFENDANT: No.

> THE COURT: Nobody's made any promises, right?
>
> DEFENDANT: Nobody made any promises.
>
> THE COURT: Has anyone threatened you in any way to withdraw this motion?
>
> DEFENDANT: No.
>
> THE COURT: Is your decision to withdraw the–the Section 2255 motion your own decision, made voluntarily after discussing the matter fully with Mr. Beres?
>
> DEFENDANT: Yes.  *Id.* at 10-11.

After the Assistant United States Attorney explained that there were a number of factors the government had to consider in a Rule 35 motion were to be filed more than a year after sentencing, *id* at 13, the Court gave Mr. Franklin the opportunity to discuss the matter further with his lawyer:

> THE COURT: Okay. There's a section called Rule 35(b)(2) which deals with motions that are filed more than a year after you're sentenced. Have you had the opportunity to discuss the pros and cons of that with Mr. Beres?
>
> MR. BERES: We have not, Your Honor. We–we have not discussed this particular provision.
>
> THE COURT: Why don't you take a few minutes. We'll go off the record for a few minutes. And I'm specifically looking again at Rule 35(b)(2), and that provides for what the defendant is to do and offer and what the government's role is. So why don't we go off the record for a few minutes. Let me know when you're done and–and I'll give you the opportunity to discuss that with Mr. Franklin, okay?  *Id.* at 13.

After discussing the matter off the record with his attorney, Mr. Franklin acknowledged that his lawyer explained, and Mr. Franklin understood the provisions of

Rule 35, including Rule 35(b)(2). *Id*. at 14. He stated that understanding that Rule, he wished to withdraw his § 2255 motion:

> THE COURT: It's up to [the government]. They–if they choose not to do it, it's the–that's the end of the story. Do you understand that?
>
> DEFENDANT: Yes.
>
> THE COURT: Okay. And understanding that, do you still want to go forward, withdraw your motion under Section 2255 and pursue the possibility of relief under Rule 35?
>
> DEFENDANT: Yes.
>
> THE COURT: Okay. And Mr. Beres, I'll again ask you, I think you've answered this but I'll ask you again, are you satisfied that Mr. Franklin's decision is made knowingly and voluntarily, without–or with full knowledge of the risks and benefits of such?
>
> MR. BERES: I do, Your Honor. *Id*. 14-15.

Accordingly, because Mr. Franklin has knowingly and voluntarily chosen to withdraw his § 2255 motion, it should be dismissed.

## CONCLUSION

I recommend that Defendant Marquan Franklin's Motion to Vacate, Set Aside, or Correct Sentence [Doc. #25] be DISMISSED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985);

*Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
United States Magistrate Judge

Dated: December 9, 2016

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on December 9, 2016, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager

-5-