UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                   Case No. 14-20587

Marquan Leroy Franklin,               Sean F. Cox
                                                     United States District Court Judge
    Defendant.
_____/

**OPINION & ORDER DENYING
MOTION FOR COMPASSIONATE RELEASE**

       In this criminal action, Defendant Marquan Leroy Franklin ("Defendant") was convicted of a firearms offense and was sentenced to 120 months' imprisonment. The matter is before the Court on Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), which is based upon concerns about the ongoing novel coronavirus pandemic ("COVID-19"). This motion asks the Court to allow Defendant to serve the remainder of his sentence at home because he is concerned that he could contract the virus, and that he may be vulnerable to severe illness if he were to contract it because of his medical conditions. The Court concludes that a hearing is not warranted and orders that the motion will be decided based upon the briefs. As explained below, the Court shall DENY the motion.

**BACKGROUND**

       In this criminal case, Defendant pleaded guilty to possession of stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) and was sentenced to 120 months' imprisonment as an Armed Career Criminal.

1

On June 8, 2020, Defendant Marquan Leroy Franklin filed a *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1), based on COVID-19. This Court denied that motion without prejudice because Defendant failed to exhaust his administrative remedies or wait the 30 days necessary to comply with 18 U.S.C. § 3582(c)(1)(A).

After exhausting his administrative remedies, Defendant filed a new Motion for Compassionate Release asserting that he is at heightened risk of more serious illness, if he were to contract COVID-19, because of his medical conditions. Defendant is 49 years old. Defendant claims to have uncontrolled diabetes, asthma, and hypertension. Defendant is not scheduled to be released until March 7, 2023.

The Government acknowledges that Defendant has exhausted his administrative remedies and now opposes the motion on the merits. The Government asserts that Defendant's medical records do not indicate that Defendant has been diagnosed with diabetes but concedes that he has asthma and hypertension, which are managed with medications and an inhaler.

## ANALYSIS

Defendant's Motion for Compassionate Release is brought under 18 U.S.C. §3582(c)(1)(A) and asks this Court to allow him to serve the remainder of his sentence in home confinement.

Under 18 U.S.C. § 3582(c)(1)(A), the Court may reduce an imposed sentence if it determines that "extraordinary and compelling reasons warrant such a reduction." On top of making this finding, the Court must also consider the sentencing factors described in 18 U.S.C. § 3553(a) and decide if a sentence reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the "applicable policy statement" with which the Court must comply when considering Defendant's request for compassionate release. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) **and** must fit within at least one of four categories of "extraordinary and compelling reasons." Those categories are: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other Reasons."

In sum, a defendant seeking compassionate release must present extraordinary and compelling circumstances, must have § 3553(a)'s sentencing factors weigh in his favor, must not be a threat to others as determined by § 3142(g), and must fit within one of the four categories in § 1B.13 of the Sentencing Guidelines." *United States v. Shah*, 2020 WL 1934930 at *1 (E.D. Mich. April 22, 2020) (citations omitted). *United States v. Murphy*, 2020 WL 2507619 at *3-4 (E.D. Mich. May 15, 2020).

Here, Defendant is a 49-year-old man with asthma and hypertension. But even if Defendant satisfied the first eligibility threshold for compassionate release, the Government persuasively argues that Defendant is ineligible for compassionate release because he is a danger to the community. Section 1B1.13(2) permits release only if a "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." The record does not support such a finding in this case, where Defendant was convicted of possession of a stolen firearm and was sentenced as an Armed Career Criminal. Defendant has a lengthy criminal history, that includes violence.

3

The § 3553(a) factors, including Defendant's history and characteristics, seriousness of the offense, promoting respect for the law, and providing just punishment also weigh against Defendant's request for compassionate release. Defendant's criminal conduct was serious and allowing Defendant to be released after only serving a fraction of his sentence would not promote respect for the law or proper deterrence, provide just punishment, and avoid unwanted sentencing disparities. This Court concludes that Defendant is not an appropriate candidate for the extraordinary remedy of compassionate release.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion for Compassionate Release is **DENIED.**

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: October 28, 2020