UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                    Case No. 14-20587

Marquan Leroy Franklin,        Sean F. Cox
                                          United States District Court Judge

    Defendant.
_____/

## OPINION & ORDER DENYING
## DEFENDANT'S MOTION FOR RECONSIDERATION

In this criminal action, Defendant Marquan Leroy Franklin ("Defendant") was convicted of a firearms offense and was sentenced to 120 months' imprisonment. The matter recently came before the Court on Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), based upon concerns about the ongoing novel coronavirus pandemic ("COVID-19"). That motion asked the Court to allow Defendant to serve the remainder of his sentence at home because he is concerned that he could contract the virus, and that he may be vulnerable to severe illness if he were to contract it because of his medical conditions. This Court denied that motion. The matter is now before the Court on Defendant's motion asking this Court to reconsider its decision. For the reasons set forth below, the Motion is DENIED.

## BACKGROUND

In this criminal case, Defendant pleaded guilty to possession of stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) and was sentenced to 120 months' imprisonment as an Armed Career Criminal.

On June 8, 2020, Defendant Marquan Leroy Franklin filed a *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1), based on COVID-19. This Court denied that motion without prejudice because Defendant failed to exhaust his administrative remedies.

After exhausting his administrative remedies, Defendant filed a new Motion for Compassionate Release asserting that he is at heightened risk of more serious illness, if he were to contract COVID-19, because of his medical conditions. Defendant is 49 years old. Defendant claims to have diabetes, asthma, and hypertension. Defendant is not scheduled to be released until March 7, 2023.

The Government acknowledged that Defendant exhausted his administrative remedies but opposed the motion on the merits.

In an Opinion and Order issued on October 28, 2020, this Court denied Defendant's motion, finding both that Defendant posed a danger to the community and that a consideration of the factors set forth in 18 U.S.C. § 3553(a) weighs against release. (ECF No. 71).

On March 15, 2021, Defendant filed a motion titled, "Reconsideration For Emergency Motion for Compassionate Release." (ECF No. 72). In it, Defendant asks this Court to reconsider his request for compassionate release.

The Government continues to oppose Defendant's request for relief. The Government notes that Franklin has already contracted COVID-19 and recovered, and that a consideration of the § 3553(a) factors weighs against release too.

**ANALYSIS**

The Local Rules of this district allow for motions for reconsideration, which are governed by Local Rule 7.1 of the Local Rules of the Eastern District of Michigan, which

provides: "Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." *See* Eastern District of Michigan Local Rule 7.1(h)(3). A motion for reconsideration does not afford a movant an opportunity to present the same issues that have been already ruled on by the court, either expressly or by reasonable implication.

Here, Defendant's motion presents the same issues that he presented in his prior Motion for Compassionate Release and this Court continues to conclude that he is not entitled to relief.

"The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances. 18 U.S.C. § 3582(c)(1)(A)." *United States v. Michael Jones*, 980 F.3d 1098, 1100 (6th Cir. Nov. 20, 2020).

"The passage of the First Step Act in 2018 expanded access to compassionate release by allowing inmates to bring compassionate-release motions on their own behalf." *United States v. Elias*, 984 F.3d. 516, 518 (6th Cir. 2021). The United States Court of Appeals for the Sixth Circuit has held that sentence-modification decisions pursuant to § 3582(c)(1)(A) embody a three-step inquiry:

> Before granting a compassionate-release motion, a district court must engage in a "three-step inquiry:" the court must "find" that "extraordinary and compelling reasons warrant [a sentence] reduction," ensure "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and "consider[] all relevant sentencing factors listed in 18 U.S.C. §3553(a)." *United States v. Jones*, 980 F.3d 1098, 1101

(6th Cir. 2020) (citing 18 U.S.C. §3582(c)(1)(A)). If each of those requirements are met, the district court "may reduce the term of imprisonment," but need not do so. 18 U.S.C.§3582(c)(1)(A). *Elias, supra.*

At step one, a court must find whether "extraordinary and compelling reasons" warrant a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(I).

"At step two, a court must 'find[]' whether 'such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission.'" *Jones, supra,* at 1108. (quoting 3582(c)(1)(A)) (emphasis added). But the Sixth Circuit has held "that § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions." *Elias, supra*, at 519. "And, in the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Id.* That means that, "[u]ntil the Sentencing Commission updates § 1B.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Jones, supra*, at 1109. Because Defendant's compassionate release motion was filed by an incarcerated person, this Court "may skip step two of the § 3582(c)(1)(A) inquiry and ha[s] full discretion to define 'extraordinary and compelling' without consulting the policy statement in § 1B1.13." *Jones, supra*.

"At step three, '§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two]

4

is warranted in whole or in part under the particular circumstances of the case.'" *Jones, supra,* at 1109.

The Sixth Circuit has explained that, "in *granting* a compassionate-release motion, district courts must address all three steps." *Elias, supra*, at 519 (emphasis added). But it has also clarified that "district courts may *deny* compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Id*. (emphasis added).

Here, Defendant continues to argue that his request for compassionate release should be granted because his health conditions, in conjunction with the ongoing pandemic, constitutes extraordinary and compelling circumstances.

As the Government notes, however, Defendant has already contracted COVID-19 and recovered. Moreover, the Bureau of Prisons is now in the process of vaccinating staff and inmates.

And even if Defendant could establish that his health conditions constitute extraordinary and compelling circumstances in light of the pandemic, this Court concludes that a consideration of the § 3553(a) factors still weighs against granting compassionate release in this particular case. *United States v. Ruffin,* 978 F.3d 1000, 1008 (6th Cir. Oct. 26, 2020) ("Even when extraordinary and compelling reasons exist, the statute leaves district courts with discretion to deny relief under a balancing of the sentencing factors in 18 U.S.C. § 3553(a).").

To his credit, Defendant has taken classes while incarcerated and intends to enroll in a drug treatment program. (Def.'s Reply at 14).

The nature and circumstances of Defendant's offense, however, weigh strongly against his release. Defendant was convicted of possession of a stolen firearm and was sentenced as an Armed Career Criminal. This offense warranted the offense imposed by this Court.

Defendant also has a lengthy criminal history, with several prior felony convictions, including drug offenses and a home invasion involving violence.

This Court does not believe that releasing Defendant early would promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from further crimes of Defendant. In sum, this Court continues to conclude that Defendant is not an appropriate candidate for the extraordinary remedy of compassionate release.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's motion is **DENIED.**

**IT IS SO ORDERED.**

                                                  s/Sean F. Cox
                                                  Sean F. Cox
                                                  United States District Judge

Dated: June 1, 2021